UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:23-cv-02030-JLS-KK                                        Date: October 20, 2023
Title:   State National Insurance Company v. Michael Murphy et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION**

The Court may sua sponte raise the issue of subject-matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing subject-matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

To fall within the Court's diversity jurisdiction, an action's "matter in controversy [must] exceed[] the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

Here, Plaintiff State National Insurance Company seeks rescission of two insurance policies: a property-insurance policy and a general-liability policy. (*See* Compl., Doc. 1 ¶¶ 12, 26–39; Commercial Property Policy, Doc. 12-3; Commercial General Liability Policy, Doc. 12-4.) Plaintiff invokes diversity jurisdiction and alleges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-02030-JLS-KK                                                                 Date: October 20, 2023
Title:  State National Insurance Company v. Michael Murphy et al

that it has satisfied the amount-in-controversy requirement because each insurance policy that it seeks to rescind has a coverage limit that exceeds $75,000.[1]  (*Id.* ¶ 5.)

Plaintiff is ORDERED to show cause in writing no later than **seven (7) days** from the date of this Order why the coverage-limit is the relevant benchmark for determining the amount in controversy in an action seeking to rescind a property-insurance or general-liability policy.  Defendants have **seven (7) days** thereafter to submit any response.  No further briefing will be allowed.  Each side's briefing shall not exceed **five (5) pages**.  Following submission of the briefing, the matter will be deemed under submission and the Court will thereafter issue an order.

Initials of Deputy Clerk: gga

---

[1] Plaintiff contends that the Court also has federal-question jurisdiction under the Declaratory Judgment Act ("DJA").  (*See id.* ¶ 6.)  However, the DJA "does not 'extend' the 'jurisdiction' of the federal courts."  *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).