UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:23-cv-02030-JLS-KK                                      Date: November 16, 2023
Title:  State National Insurance Company v. Murphy et al

**Present: Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**

The Court ordered Plaintiff State National Insurance Company ("SNIC") to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. (OSC, Doc. 10.)  SNIC timely responded.  (Response, Doc. 11.)  Having reviewed that response, the Court DISMISSES this case for lack of subject-matter jurisdiction.

I.      **BACKGROUND**

SNIC filed this action in federal court, seeking rescission of two insurance policies it issued to Defendants: a property-damage policy and a general-liability policy. (*See* Compl., Doc. 1 ¶¶ 12, 26–39; Commercial Property Policy, Doc. 12-3; Commercial General Liability Policy, Doc. 12-4.)  A third-party slipped and fell on Defendants' premises and filed a personal-injury lawsuit against Defendants.  (*Id.* ¶¶ 16, 19.)  SNIC agreed to defend Defendants, subject to a reservation of rights.  (*Id.* ¶ 21.)  SNIC now seeks to rescind the two insurance policies on the grounds that Defendants obtained the policies by making material misrepresentations in their applications.  (*Id.* ¶¶ 33–45.)

SNIC invoked this court's diversity jurisdiction.  In its initial complaint, SNIC contended that diversity's amount-in-controversy requirement was satisfied based on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-02030-JLS-KK                                             Date: November 16, 2023
Title:  State National Insurance Company v. Murphy et al

costs it would incur in defending Defendants in the personal-injury action.  (*SNIC v. Murphy*, No. 23-cv-01859-JLS-KK, Doc. 1 ¶¶ 29, 31, 36, 38.)  But SNIC alleged that those costs were "in an amount unknown at this time."  (*Id.* ¶¶ 31, 38.)  It did not allege the costs it had incurred thus far; nor did it attempt to estimate the costs it will plausibly incur over the course of the personal-injury action.  Given SNIC's admission that expected costs were "unknown," the Court sua sponte questioned its jurisdiction and dismissed the case for lack of subject-matter jurisdiction because SNIC had not plausibly pleaded that diversity's amount-in-controversy requirement was met.  (*SNIC v. Murphy*, No. 23-cv-01859-JLS-KK, Doc. 31.)

After dismissal, SNIC filed a second action with a new Complaint.  (Compl., Doc. 1.)  SNIC's new Complaint does not make any allegations regarding the costs incurred in defending Defendants in the personal-injury lawsuit.  (*See generally id.*)  Instead, SNIC's Complaint contends that diversity's amount-in-controversy requirement is met because each insurance policy that it seeks to rescind has a coverage limit that exceeds $75,000.  (*Id.* ¶ 5.)[1]  The court ordered SNIC to show cause "why the coverage limit is the relevant benchmark for determining the amount in controversy in an action seeking to rescind a property-insurance or general-liability policy."  (OSC, Doc. 10.)

## II.  **LEGAL STANDARD**

The Court has an independent duty to assure itself of subject-matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  As the party invoking federal jurisdiction, the plaintiff

---

[1] SNIC contends that the Court also has federal-question jurisdiction under the Declaratory Judgment Act ("DJA"). (*See id.* ¶ 6.) However, the DJA "does not 'extend' the 'jurisdiction' of the federal courts." *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).  The DJA, therefore, does not provide an independent basis for federal-question jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:23-cv-02030-JLS-KK | Date: November 16, 2023 |
| Title:  State National Insurance Company v. Murphy et al | |

has the burden of establishing subject-matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A plaintiff's complaint must make "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(1)(1).

To fall within the Court's diversity jurisdiction, an action's "matter in controversy [must] exceed[] the sum or value of $75,000."  28 U.S.C. § 1332(a)(1).  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

### III.     ANALYSIS

To determine whether this Court has jurisdiction, it must determine what "the value of the object of the litigation" is when a plaintiff seeks to rescind a property-damage or liability policy.  *Hunt*, 432 U.S. at 347.  The Court is aware of no binding Supreme Court or Ninth Circuit precedent addressing this precise question.

There appears to be a consensus, however, when it comes to the treatment of life-insurance and disability-insurance policies.  When a plaintiff seeks to rescind a life-insurance or disability-insurance policy, courts look to the face value of the policy to determine whether diversity's amount-in-controversy requirement is met.  *See, e.g.*, *In re Minn. Mut. Life Ins. Co. Sales Pracs. Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (life); *Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 805 (7th Cir. 2003) (life); *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (disability).  A leading treatise summarizes these cases in overly broad language that, "in a declaratory judgment" challenging "the validity of [an] entire contract, the amount in controversy is the policy's face value."  Wright & Miller, *Federal Procedure and Practice* § 3710.3 (2023).

Turning back to liability-insurance policies, the Ninth Circuit has considered the amount-in-controversy question only in a case where an insurer sought a declaration regarding its "liability coverage [as] to a *particular* occurrence."  *Budget Rent-A-Car,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-02030-JLS-KK                                                         Date: November 16, 2023
Title:  State National Insurance Company v. Murphy et al

*Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (emphasis added).  The Ninth Circuit held that, in such a case, "the amount in controversy is the value of the underlying potential tort action." *Id.*  In dicta, the Ninth Circuit cited Wright & Miller's broad, unqualified language to state that the "maximum liability under" a liability-insurance policy "is relevant to determining the amount in controversy . . . if the validity of the entire insurance policy is at issue." *Id.*

The Court declines to follow this dicta, which would extend the face-value rule from the life- and disability-insurance context in which it was developed to the liability-insurance context where it is inapt.  Liability policies materially differ from life- and disability-insurance policies in an aspect critical to calculating the amount in controversy: the certainty of the payments the insurer will make under the policy.

Under a life-insurance policy, the event that triggers the insurer's obligation to pay (*i.e.*, the death of the insured) is *bound to happen*.  Similarly, under a life-insurance policy where disability status has already been determined, the event that triggers the insurer's obligation to pay (*i.e.*, disability) has *already happened*.  As one district has persuasively explained, this certainty allows the face of value of such contracts to be a fair proxy for the amount in controversy:

> Because death is bound to happen, the life insurer has a fixed and definite liability to pay the face value of the policy, which is a loss that the insurer will suffer absent rescission.  In the context of life insurance, there are twin certainties: (1) the risk insured against will occur; and (2) the amount of the insurer's obligation will be the amount stated in the policy.  The monetary value of the benefit that would flow to the insurer if rescission were granted is thus the face amount of the policy—a certain liability of a known amount that will be avoided by such relief.
>
> The analysis as to disability policies is similar, once a claim for such benefits has been made, . . . .  At that point, the risk insured against has (allegedly)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-02030-JLS-KK                                          Date: November 16, 2023
Title:  State National Insurance Company v. Murphy et al

> occurred, and the amount of the insurer's obligation, though it may accrue only incrementally over time, can be calculated. The monetary value of the benefit to the insurer of cancelling the policy can thus be taken as the amount provided in the policy.

*Associated Indus. Ins. Co., Inc. v. Wilson's Pool Design, LLC*, No. CV No. 22-0484-WS-B, 2023 WL 5690290, at *4 (S.D. Ala. Sept. 5, 2023) (cleaned up).

By contrast, an insurer's payment obligations under a liability-insurance policy are far less certain:

> Liability policies . . . share neither of the key characteristics that justify treating the face value of a life insurance policy (or of a disability policy, once a claim is made) as the amount in controversy when rescission is sought. Death and taxes may be certain, but making a claim on a CGL policy is not. Nor can the dollar value of a claim under a CGL policy be predicted before it is made, and many claims will not meet the jurisdictional threshold.

*Id.*  Given the uncertainty in whether an insured will submit a claim for coverage and the uncertainty in whether that claim will come close to the coverage limit, it would be inappropriate to blindly treat that limit as the amount in controversy.  Therefore, the Court adopts the *Wilson's Pool Design* approach and holds that a plaintiff seeking to rescind a liability- or property-insurance policy must do more than point to a policy's coverage limit to satisfy diversity's amount-in-controversy requirement.

Here, a claim for coverage has already been made and there is an ongoing personal-injury action in which SNIC is defending Defendants.  But in its Complaint, SNIC has "abandoned any effort to show that the . . . lawsuit places over $75,000 in controversy."  *Id.*  Nor has SNIC otherwise contended that, based on data available to it, it is plausible to assume it will incur over $75,000 in costs if the two policies are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-02030-JLS-KK                                           Date: November 16, 2023

Title:  State National Insurance Company v. Murphy et al

rescinded.  *Id.* at *5.  Therefore, SNIC has not met its burden of plausibly pleading that this Court has subject-matter jurisdiction.

**IV.**     **CONCLUSION**

For the foregoing reasons, the Court DISMISSES this action for lack of subject matter jurisdiction.

Initials of Deputy Clerk: gga